**Joe R. TURNER, Plaintiff–Appellant,**

v.

**CITY OF SCOTTSVILLE, et al.,
Defendants–Appellees.**

No. 01–6092.

United States Court of Appeals,
Sixth Circuit.

June 17, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and MARBLEY, District Judge.*

*ORDER*

Joe R. Turner, a Kentucky prisoner proceeding pro se, appeals the district court judgment dismissing his complaint filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the

Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified relief, Turner filed a civil action in the Allen County, Kentucky, Circuit Court against the City of Scottsville, Kentucky; the mayor of Scottsville; the Scottsville Police Department; Allen County, Kentucky; and individuals involved in Turner's prosecution for murder. Turner alleged that the defendants violated his rights under the First, Fifth, Sixth, and Fourteenth Amendments when they conspired to use perjured testimony to convict him of murdering his father. Turner named the defendants in their individual and official capacities. The defendants removed the action to the United States District Court for the Western District of Kentucky and moved to dismiss the complaint. *See* Fed.R.Civ.P. 12(b)(6). The district court granted the defendants' motions in separate orders. The court held that Turner's action was barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because Turner's allegations implied that his conviction was invalid and Turner had not had his conviction overturned or set aside.

In his timely appeal, Turner reasserts the claims from his complaint and argues that the district court should not have applied *Heck* to his case. Turner also moves for a default judgment against defendant Bruce Levy, a medical examiner.

This court reviews de novo a district court's decision to dismiss a suit pursuant to Rule 12(b)(6). *Bloch v. Ribar*, 156 F.3d 673, 677 (6th Cir.1998)

Upon review, we conclude that the district court properly dismissed Turner's § 1983 action for failure to state a claim.

---

* The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

In 1998, a jury convicted Turner of murdering his father. The court sentenced him to ninety-nine years of imprisonment. The Kentucky Supreme Court affirmed the conviction and sentence on direct appeal. *Turner v. Commmonwealth,* 5 S.W.3d 119 (Ky.1999). Turner's allegations that the defendants violated his constitutional rights during his prosecution imply that his conviction is invalid. Thus, he cannot bring a § 1983 claim because his conviction has not been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck,* 512 U.S. at 486–87, 114 S.Ct. 2364; *Schilling v. White,* 58 F.3d 1081, 1085–86 (6th Cir. 1995).

Turner's arguments on appeal are without merit. His claim that he "did not deem his action to be a § 1983 civil rights violation" (Brief of Appellant, p. 3), is belied by the record. Turner invoked § 1983 as the basis of his lawsuit on page five of his complaint. Because Turner has not disputed the fact that his conviction stands, the district court properly dismissed the action without addressing his factual allegations.

For the foregoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit. All pending motions are denied.